## CIVIL MINUTES - GENERAL

| Case No. | CV 19-00774 AG (JEMx) | Date | May 10, 2019 |
|---|---|---|---|
| Title | CHIMESA MEDINA V. THE BOEING COMPANY ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Melissa Kunig | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings:**   **[IN CHAMBERS] ORDER REMANDING CASE**

"Federal courts are courts of limited jurisdiction," and they possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Defendants sought to invoke that limited jurisdiction when they filed a notice of removal in this Court. *See id.* ("It is to be presumed that a cause lies outside of [a federal court's] limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction."); *see also United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) ("Nothing is to be more jealously guarded by a court than its jurisdiction." (citation omitted)).

Plaintiff' chose to file in state court asserting state claims—specifically, violations of the Fair Employment and Housing Act, the California Family Rights Act, and several tort claims. (Compl., Dkt. 1-1.) So federal question jurisdiction doesn't exist here. Instead, Defendants say this Court has diversity jurisdiction, and that Defendants Peter Rosenbloom and Richard Harwin were fraudulently joined to destroy that diversity. (Notice of Removal, Dkt. 1 at 7-13.) There are limits on the ability of asserting fraudulent joinder to justify federal jurisdiction. *See generally Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156 (C.D. Cal. 2009).

A removing defendant may prove fraudulent joinder by showing either "(1) actual fraud in the pleading of jurisdictional facts or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Grancare, LLC v. Thrower by & through Mills*, 889

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 19-00774 AG (JEMx) | Date | May 10, 2019 |
|---|---|---|---|
| Title | CHIMESA MEDINA V. THE BOEING COMPANY ET AL. | | |

F.3d 543, 548 (9th Cir. 2018). Defendants do not pursue the actual fraud basis. For Defendants to succeed on the latter theory, they must convince the Court that after resolving "all disputed questions of fact and all ambiguities in the controlling state law . . . in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Padilla*, 697 F. Supp. 2d at 1158. The failure to state a claim against a non-diverse defendant must be "obvious according to the well-settled rules of the state." *United Computer Sys. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002).

Plaintiff's complaint contains allegations against Defendants Harwin and Rosenbloom that might support a claim against them. (*See, e.g.*, Compl. at ¶¶ 55, 56.) So, after resolving all questions of fact and ambiguities in Plaintiff's favor, the Court does not find that Plaintiff "could not possibly recover" against these non-diverse Defendants. *Padilla*, 697 F. Supp. 2d at 1158. Thus, the case is REMANDED to the Superior Court of California, Orange County.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | mku | |